IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD LEE WEBB                                                                          PETITIONER

v.                                          Criminal No. 15-50066

UNITED STATE OF AMERICA                                                             RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is Petitioner's **Motion to Request Jail Credit (Doc. 26)**.  The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

On March 8, 2016, Petitioner was sentenced in this Court to 60 months imprisonment on five counts of theft of mail, in violation of 18 U.S.C. § 1708.  Petitioner is currently incarcerated in the Federal Correctional Institution in Forrest City, Arkansas.  In the motion now before the Court, Petitioner requests jail credit toward for time he spent in custody from March 15, 2015 through January 28, 2016.  The undersigned would note that the Petitioner was not arrested on the federal charges until October 13, 2015 (Doc. 13).  He first appeared in this Court for arraignment on that date, pursuant to the issuance of a writ of habeas corpus ad prosequendum (Doc. 5.) to have him released from state custody to face the federal charges.

A request for credit for prior custody must be made, in the first instance, through the Bureau of Prisons ("BOP") after a defendant begins his sentence.  Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time a defendant has served.  Once a defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined (the Eastern District of Arkansas in the present case), in the United

States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office.. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

Accordingly, the undersigned recommends denying Petitioner's Motion (Doc. 26) without prejudice.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 6th day of September, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE