IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD LEE WEBB                                          PETITIONER

V.                            CASE NO. 5:15-CR-50066

UNITED STATES OF AMERICA                              RESPONDENT

## ORDER

On September 6, 2016, the Honorable Erin L. Setser, Magistrate Judge for the Western District of Arkansas, filed a Report and Recommendation ("R&R") (Doc. 27), explaining why Petitioner Ronald Lee Webb's Motion to Request Jail Credit (Doc. 26) should be denied without prejudice. Mr. Webb subsequently filed his Objections to the R&R (Doc. 28), in which he argues that: (1) he was not required to exhaust all remedies through the Bureau of Prisons ("BOP") before seeking judicial review; (2) he is entitled to credit for jail time served from March 15, 2015 through January 28, 2016; and (3) if he is not entitled to credit for the entire term above, he should at least be awarded credit for jail time served between October 13, 2015 and January 28, 2016.

Mr. Webb admits he did not exhaust all administrative remedies with the BOP before filing his Motion, but asserts that courts have some manner of discretion to dispense with the exhaustion requirement. (Doc. 26, p. 2). However, it is well settled that a defendant seeking jail credit must first "exhaust his administrative remedies by . . . presenting his claim to the [BOP] . . ." before seeking judicial review. *See Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993) ("Federal prisoners seeking jail-time credit . . . must exhaust administrative remedies before seeking habeas corpus relief."); *see also United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (affirming denial of

1

prisoner's motion for jail credit because he did not exhaust his administrative remedies). Because Mr. Webb concedes that he failed to exhaust his administrative remedies, he may not properly obtain judicial review of his jail credit request.

Further, even if Mr. Webb was not required to exhaust his administrative remedies, he did not file his Motion in the proper judicial district. A defendant may only seek judicial review for a jail credit determination by the BOP in "the district where he is confined, in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office." *Chappel*, 208 F.3d at 1069. The Western District of Arkansas is none of the above, and thus lacks jurisdiction over his Motion. This lack of jurisdiction additionally disposes of his second and third objections because both merely restate the purported merits of his request for jail credit.

**IT IS THEREFORE ORDERED** that the R&R (Doc. 27) is **ADOPTED IN ITS ENTIRETY**, and Petitioner's Motion (Doc. 26) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** on this __29th__ day of September, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

2