## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**UNITED STATES**                                        **PLAINTIFF/RESPONDENT**


    **V.**                            **No.  15-50066**


**RONALD LEE WEBB**                                    **DEFENDANT/PETITIONER**

### MAGISTRATE JUDGE REPORT and RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence

Pursuant to 28 U.S.C. Section 2255 (Doc. 31 & 34) filed June 9, 2017 and July 3, 2017.  The

United States of America filed a Response (Doc. 36) on July 25, 2017. The matter was

reassigned to the undersigned on April 10, 2018 and is ready for Report and Recommendation.

### I.  Background

On September 16, 2015, Ronald Lee Webb (hereinafter "Webb"), was named in a

five-count Indictment and a Forfeiture Allegation filed in the Western District of Arkansas. (Doc.

1). Each of the five counts charged Webb with criminal mail theft under 18 U.S.C. § 1708.

On November 10, 2015, Webb appeared before the Honorable Timothy L. Brooks for a

change of plea hearing. (Doc. 14). A written plea agreement was presented to the Court that set

forth Webb agreed to plead guilty to all five counts of the Indictment in exchange for the United

States dismissing the Forfeiture Allegation in the Indictment. (Doc. 15). The Court accepted

Webb's plea and ordered a presentence investigation report. (Doc. 14).

On February 5, 2016, after receiving no objections from the United States or Webb, the

Probation Office issued Webb's final Presentence Investigation Report (PSR). (Doc. 19). Webb's

base offense level was set at six pursuant to U.S.S.G. § 2B1.1(a)(2). (PSR, ¶ 36). After receiving two-levels off for acceptance of responsibility, Webb's total offense level was set at four. (PSR, ¶¶ 42 - 43). Webb's criminal history score was determined to be one, which established a criminal history category of VI. (PSR, ¶¶ 66 - 68). Webb's statutory range called from a maximum term of imprisonment for each count was 5 years for a total term of imprisonment of 25 years. (PSR, ¶ 112). Webb's advisory guidelines range was 6 - 12 months. (PSR, ¶ 113).

On March 4, 2016, Webb appeared before the Honorable Timothy L. Brooks for sentencing. (Doc. 21). The Court sentenced Webb to 60 months total imprisonment consisting of 12 months on each of the 5 counts to run consecutive, 2 years supervised release on each count to run concurrently, and a $500 special assessment. (Doc. 22). The Court informed Webb about his right to appeal, particularly if he believed his guilty plea was involuntary or the byproduct of a fundamental defect in the proceedings. (Sent. Hr. Tr., pp. 44 - 45). Additionally, at the conclusion of the hearing to determine whether the United States breached the plea agreement, the Court again informed Webb about his appellate rights. (Telephone Conf. Tr., pp. 23 - 24). The judgment was filed on March 8, 2016. (Doc. 22).

On June 9, 2017, Webb filed a pro se Motion Pursuant to 28 U.S.C. § 2255 to Set Aside, Vacate, or Correct Sentence. (Doc. 31) which he Amended on July 3, 2017 (Doc. 34) contending in summary as follows: 1) Prosecutorial Misconduct;  2) Ineffective Assistance of Counsel-failure to explain plea;  3) Ineffective Assistance of Counsel-failure to object to PSR

## II.  Discussion

### A.  Limitations:

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a section

2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255; *Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003). Webb's conviction became final on March 22, 2016, when 14 days passed without filing an appeal. See Fed.R.App.P. 4(b)(1)(A) (indicating a defendant in a criminal case has 14 days to file a notice of appeal). Webb's initial § 2255 motion, filed June 9, 2017, falls approximately 2 and a half months outside of the one-year period Webb had to present a timely motion.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002). The Petitioner has not asserted any such grounds as the basis for her failure to properly file the petition.

The Petitioner contends that his motion is timely because he "filed for transcripts on 2/13/2017". (Doc. 34, p. 13). Unfortunately the law does not look to the date a defendant begins to work on his 2255 motion but when it is filed. See *Campa-Fabela v. United States*, 339 F.3d 993, 993 (8th Cir. 2003) (" . . . a section 2255 motion must be filed within one year of 'the date

on which the judgment of conviction becomes final.' "). Because the Petition is untimely it must

be dismissed but, even if it were timely, the petition is without merit.

**B. Prosecutor Misconduct:**

Webb argues that he was subject to prosecutorial misconduct because, at the sentencing

hearing, the government requested that Petitioner's sentences be run consecutively. (Doc. 25,

pp.12-13).

The Plea Agreement provided that the government agreed to "recommend that the

defendant be sentenced withing the Guideline range as determined by the Court." (Doc. 15, ¶18).

The Government's Brief states that the "United States does not deny that this Court found that it

breached the plea agreement. (Telephone Conf. Tr., p. 19)." The Government argues that the

Petitioner is precluded from this argument because he procedurally defaulted the claim.

The failure to raise an issue on direct appeal ordinarily constitutes a procedural default

and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. *Dejan*

*v. United States*, 208 F.3d 682, 685 (8th Cir.2000). A defendant may surmount this

procedural default only if he "can show both (1) cause that excuses the default, and (2) actual

prejudice from the errors asserted." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir.1997)

(citation omitted); see also Apfel, 97 F.3d at 1076. " '[C]ause' in the formula 'cause and

prejudice' means some impediment to making an argument" at the time of the direct appeal.

*Turner v. United States*, 693 F.3d 756, 758 (2012); Cf. *McCleskey v. Zant*, 499 U.S. 467, 497

(1991) (in successive writ cause and prejudice analysis "[f]or cause to exist, the external

impediment, whether it be government interference or the reasonable unavailability of the factual

basis for the claim, must have prevented petitioner from raising the claim"). Moreover, even

-4-

constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence. See *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

Here, Petitioner has not suggested any external impediment that prevented him from presenting his current claims on direct appeal and the issue of prejudice need not be considered. *See Ashker v. Class*, 152 F.3d 863, 871 (8th Cir.1998) (when petitioner "has not shown adequate cause to overcome the procedural bar ... we need not consider the issue of actual prejudice").

There is a statutory presumption that the sentences would be consecutive. If each statutory provision requires proof of a fact that the other does not, it is presumed that Congress intended that a violation of these separate statutory offenses <u>could</u> result in the imposition of consecutive sentences.  *See Albernaz v. United States*, 450 U.S. 333, 337, 340 (1981).

 Notwithstanding the Prosecutor's recommendation or any statutory presumption the court made an exhaustive review of the sentencing factors (Doc. 25, pp. 28-39) and decided independently to run each of the Petition's counts consecutively.( Id, pp. 39-40).  There is no evidence that the Petitioner suffered prejudice.

**C.  Ineffective Assistance of Counsel**:

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made

errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v  Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the

-6-

performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

1.  Failure to Explain:

The Petitioner contends his attorney was ineffective because he "did not throughly explain the importance of the situation" and counsel "left me confused and unsure as to the merits of Breach." (Doc. 34, pp. 6-7).

A defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence. *See Roberson v. United States*, 901 F.2d 1475, 1478 (8th Cir.1990). Under the current advisory guidelines, an attorney's mistaken estimate of the guidelines or erroneous sentence estimate is not deficient performance. Also *United States v. Spears,* 235 F.3d 1150, 1152 (8th Cir.2001) (holding that a defendant's guilty plea was "knowing and voluntary," despite "any confusion about how he would fare under the Sentencing Guidelines")

The fact that the Petitioner was left "confused" or "unsure" does not rise to a constitutional violation and as pointed out above he failed to appeal the alleged prosecutor's conduct.

2.  Objections to PSR:

The Petitioner also contends his attorney was ineffective for failing to object to the PSR.

The Petitioner does not state any specific objection that his attorney could have made then or any specific objection he asserts now.

Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.). *See also Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . " *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v.United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

Even if the Petitioner's claim was not barred by the limitations period he has failed to establish that he received Ineffective Assistance of Counsel.

**D. Evidentiary Hearing**:

Finally, Petitioner does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a habeas motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998). "There is no requirement of a hearing where the claim [s] [are] based solely on vague, conclusory, or palpably incredible allegations or unsupported

generalizations." *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988). *Sidebottom v. Delo* 46 F.3d 744, 751 (C.A.8 (Mo.),1995)

The court finds that the record of the case does establish conclusively that the Petitioner is not entitled to an Evidentiary Hearing.

**E.  Certificate of Appealability**:

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). In this case the Defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, this Court should deny any request for a certificate of appealability.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The**

**parties are reminded that objections must be both timely and specific to trigger de novo**

**review by the district court.**

DATED  May 7, 2018.


_/s/ J. Marschewski_
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE